UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

SARINA BROWN
                Plaintiff,      :

    v.

PERFORMANT RECOVERY INC.;     :     Civil Action No.:
JANE DOE 1;                             :
JANE DOE 2,                       :
                Defendants.    :

## COMPLAINT

**I.    Jurisdiction and Venue**

    1.    Jurisdiction arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1337(a), together with the pendent jurisdiction of the court.

    2.    Venue lies in this judicial district in that the events which gave rise to this claim occurred here and the property which is the subject of the action is situated within this district.

**II.    Parties**

    3.    Plaintiff Sarina Brown is a natural person who resides at 418 N. 58th Street, Philadelphia, Apt. B, Pa 19131.

    4.    Defendant Performant Recovery Inc. (hereafter "Performant") is a business entity regularly engaged in the business of collecting debts nationwide with its principal place of business located at 333 N. Canyons Pkwy., Ste. 100, Livermore, CA 94551-9480. Performant regularly attempts to collect debts alleged to be due another and is a debt collector as defined by 15 U.S.C. §1692a(6).

    5.    Defendant Jane Doe 1, whose dunning or partial legal name is "Beth Lowe Ashley", is a natural person employed by Defendant RAB as a collection agent and is a "debt

collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant Jane Doe 2, whose dunning or partial legal name is "Beth Lowe Ashley", is a natural person employed by Defendant RAB as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

3. Defendants Jane Doe 1 and Jane Doe 2 at all times acted within the scope of their training and employment as collectors for Performant.

## III. Factual Allegations

4. The debt alleged by defendant to be plaintiff's debts is, upon information and belief, a federal student loan debt incurred by plaintiff to pay for her education.

5. In 1986, to deal in part with the lingering effects of the recession that began earlier in the 1980s, the Federal Government established an orderly and mandatory procedure to facilitate repayment and rehabilitation of federal student loans that were in default.

6. The terms of this program for borrowers whose loans were in default included:

   a. The right to have monthly payments adjusted to one that is "reasonable and affordable based on the borrower's total financial circumstances." 20 U.S.C. § 1078-6 (a)(1)(B).

   b. The right to have the loan rehabilitated if the adjusted monthly payments are made timely in nine of ten consecutive months. *Id.* (a)(1)(A); and

   c. Once such nine payments have been made, to have the fact of the prior default removed from the borrower's credit report. *Id.* (a)(1)(C).

7. The reasons for this program, particularly in times of economic instability are evident for both the borrower and the lender.

8.  Creditors and those person(s) servicing defaulted loans and/or collecting on defaulted loans are obligated to notify borrowers of their rights under the Federal student loan rehabilitation program, including calculating of "reasonable and affordable" payments, and the route to rehabilitation of both the loan and her credit, or are not to make representations contrary to the mandatory terms of that program.

9.  Without disclosure of these terms, federal student debtors would not know their rights under the program, will either remain in default and with a blot on their credit or continue to endeavor to make payments in excess of what they are required to do.

10. Pursuant to 34 CFR §§682.405, 685.211(f), and/or 674.39, Defendant must offer plaintiff to rehabilitate the federal loan constituting the debt at issue by a payment plan of nine (9) payments within ten months (nine (9) consecutive payments for Perkins loans) and to permit a monthly payment to plaintiff that is reasonable and affordable, based upon document review supporting plaintiff's financial profile.

11. On or about January 2014, defendant Performant, by and through Jane Doe 1, called plaintiff to collect the debt.

12. Jane Doe 1 first verified plaintiff's identifying and contact information which, among other items, involved updating her address information from 6154 Grays Avenue in Philadelphia which was her former address.

13. Jane Doe 1 demanded that plaintiff pay the debt by paying $2,000 down and $500 per month without regard to her ability to afford the payment.

14. Plaintiff advised Jane Doe 1 that she could not afford the proposed payment.

15. Jane Doe 1 replied that she would have to make a substantial initial payment and

then requested her banking information.

16. Plaintiff thereafter terminated the call.

17. On or about June 9, 2014, plaintiff's employer received a notice of garnishment of plaintiff's wages.

18. Thereafter on the aforesaid date, Plaintiff called Performant and spoke to Jane Doe 2.

19. Plaintiff asked of Jane Doe 2 whether she could propose a monthly payment to avoid the garnishment.

20. Jane Doe 2 replied in the negative and stated that plaintiff only had tow (2) options:

   a. To allow the garnishment and then have her account reviewed after 12 months for rehabilitation purposes;

   b. To pay a rehabilitation amount in addition to the 15% garnishment amount to rehabilitate her defaulted loan.

21. Jane Doe 2 at all times spoke to plaintiff in a rude and aggressive tone.

22. Upon information and belief, Performant required a minimum payment based upon a commission schedule, in complete disregard of Federal statute and regulations.

23. 20 U.S.C. § 1078-6(a)(1)(B), 34 C.F.R §§ 685.211(f) and 682.405(b)(iii) require that rehabilitation payments are to be reasonable and affordable based upon a document review of the borrower's total financial circumstances.

24. 34 C.F.R. § 682.405(b)(iii)(B) specifically states that no minimum payment is required for rehabilitation.

25. Defendant failed to update the contact information for plaintiff in it computer system in January 2014 and, as a result thereof and also as a result of a lack of adequate practices and procedures to ensure compliance with the federal code, defendant failed to send plaintiff written notice of Wage garnishment pursuant to 20 U.S. Code § 1095a (2).

## IV.     Causes of Action

### COUNT I – Violations of the FDCPA

26. The allegations above are re-alleged and incorporated herein by reference.

27. At all times relevant hereto Defendants were attempting to collect an alleged debt to it which was incurred for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

28. The above contacts made between the Plaintiff and Defendants were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

29. Defendants, by their conduct as described above, violated the FDCPA including but not limited to the following:

   a) §1692d, Engaged in conduct the natural consequence of which is to abuse a person;

   b) §1692d(2), Used language the natural consequence of which is to abuse the hearer by its disrespectful tone;

   c) §1692e(2)(A)  The false representation of the character, amount, or legal status of any debt;

   d) §1692e(10)  false and deceptive means to collect the debt regarding non-compliance with the CFR for rehabilitation of loans;

   e) §1692f Otherwise using unfair or unconscionable means to collect or attempt to collect a debt.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that judgment be entered against the Defendants for the following:

a. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3);

d. Equitable relief against all defendants compelling compliance with the rehabilitation schema of the Code of Federal Regulations cited herein;

e. Such other and further relief as the Court may deem to be just and proper.

## JURY TRIAL DEMAND

20. Plaintiff demands trial by jury.

Dated: June 10, 2014

RC 935
ROBERT P. COCCO, P.C.
Attorney for Plaintiff
By: Robert P. Cocco, Esquire
Pa. Id. No. 61907
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
215-351-0200